**United States District Court**
**District of Massachusetts**

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
        v.                     )
                               )   Criminal No.
MOISES CINTRON,                )   07-10435-NMG
                               )
        Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In this criminal case the defendant, Moises Cintron
("Cintron"), is charged with one count of being a felon in
possession of a firearm and ammunition.  He has moved to dismiss
the Indictment pending against him pursuant to Fed. R. Crim. P. 5
because he was not arraigned until the day after his arrest.  The
motion is without merit and will be denied

I.   **Factual Background**

Cintron was arrested on the morning of November 5, 2008,
during the course of a vehicle stop on Route 128 in Massachusetts
after police observed a gun protruding from his pocket.  The
facts surrounding that vehicle stop are recounted in detail in
this Court's December 15, 2008, Memorandum and Order (Docket No.
23), which denied most aspects of Cintron's motion to suppress.

Cintron's arrest occurred sometime after 10:00 AM and he was
subsequently taken to the Massachusetts State Police barracks in

-1-

Danvers, Massachusetts.  Following the arrest state officials
called Special Agent Michael Turner ("Turner") of the Bureau of
Alcohol, Tobacco, Firearms and Explosives ("the ATF") at
approximately 11:00 AM.  At an evidentiary hearing on the
defendant's motion to suppress, Turner testified that after
receiving that call he traveled to the Danvers barracks with the
intention of interviewing Cintron.  Turner arrived at the
barracks at approximately 1:45 PM but the interview did not
commence until approximately 4:00 PM.  Finally, Cintron was
arraigned on the following day, November 6, 2007.

## II.  **Procedural History**

Cintron was indicted on December 19, 2007.  He filed a
motion to suppress on July 17, 2008, which, after an evidentiary
hearing and several memoranda and orders, was finally denied in
its entirety on April 1, 2009.

At a status conference held on April 30, 2009, the Court
scheduled trial in this case for June 29, 2009.  At that same
status conference the defendant requested the Court's permission
to file a motion to dismiss based on the failure to arraign
Cintron on the day of his arrest.  Although expressing skepticism
about the merits of such a motion, the Court permitted its filing
on or before May 7, 2009, and granted the government one week to
respond.  Cintron filed the pending motion to dismiss on May 8,
2009, and the government has since filed its opposition.

-2-

III. **Analysis**

Cintron asserts that the Indictment must be dismissed because his arrest and arraignment did not comply with the requirements of Fed. R. Crim. P. 5.  That rule states, in pertinent part:

> A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise.

Fed. R. Crim. P. 5(a)(1)(A).  As the defendant recognizes, that rule ordinarily does not apply to persons in <u>state</u> custody.  <u>See, e.g.</u>, <u>United States</u> v. <u>Rivas-Lopez</u>, 988 F. Supp. 1424, 1428 (D. Utah 1997) ("Rule 5(a) attaches only after the accused is taken into federal custody." (citation omitted)).  Although that would seem to end the inquiry, the defendant argues that Rule 5(a) can apply to a defendant in state custody where there is evidence of a "working arrangement" between federal and local law enforcement rendering the custody federal in substance.  <u>See</u> <u>United States</u> v. <u>Mayes</u>, 552 F.2d 729, 734 (6th Cir. 1977); <u>Carpenter</u> v. <u>United States</u>, 264 F.2d 565, 571 (4th Cir. 1959).

Although there may be circumstances in which the involvement of federal officials in the detention of a suspect in state custody is so pervasive as to warrant the conclusion that the custody was federal in substance, this case does not present that scenario.  The mere fact that Special Agent Turner was called and

decided to interview Cintron does not convert the defendant's custody from state to federal.  There is no evidence to suggest that Turner, or any other federal official, delayed Cintron's arraignment or exercised any authority or control over Cintron's detention.  Consequently, the defendant's motion to dismiss will be denied.

### ORDER

In accordance with the foregoing, the defendant's motion to dismiss (Docket No. 42) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 10, 2009